IN THE UNITED STATES DISTRICT COURT
FOR THE EASTERN DISTRICT OF NORTH CAROLINA
WESTERN DIVISION

NO. 5:18-CT-3171-BO

| | |
|---|---|
| BRANDON JENNINGS, also known as Mustafa Bey, | )<br>)<br>) |
| Plaintiff, | )<br>) |
| v. | ) ORDER<br>)<br>) |
| R.T. PEREIRA and SUSAN GAUDIOSO, | )<br>)<br>) |
| Defendants. | ) |

The matter now comes before the court on the motion for judgment on the pleadings pursuant to Federal Rule of Civil Procedure 12(c) (DE 74) filed by defendant Raleigh Police Department ("RPD") Officer R.T. Pereira ("Pereira"), and the motion for summary judgment pursuant to Rule 56 (DE 78) filed by defendant Susan Gaudioso ("Gaudioso"). Also before the court is plaintiff's "dispositive motion" (DE 101). In this posture, the issues raised are ripe for adjudication.

**STATEMENT OF THE CASE**

On July 9, 2018, plaintiff, a pretrial detainee, filed this civil rights action *pro se* pursuant to 42 U.S.C. § 1983, and then moved to amend his complaint. The court subsequently granted plaintiff's motion to amend, and allowed him to proceed with claims against defendants Pereira and Guadioso. Specifically, plaintiff was permitted to proceed with his claim that defendant Pereira arrested him pursuant to human trafficking charges in violation of the Double Jeopardy Clause of the Fifth Amendment to the United States Constitution, and that his cellular telephone was seized and not returned. Plaintiff also was permitted to proceed with his claim that defendant Guadioso

failed to provide him results from testing she performed to detect the presence of sexually transmitted diseases ("STD"), and that he was charged a co-payment for the STD testing. On July 24, 2019, defendant Pereira moved for judgment on the pleadings pursuant to Rule 12(c). The motion was fully briefed. Defendant Gaudioso then moved for summary judgment, arguing that plaintiff is unable to establish a constitutional violation. In support of her motion for summary judgment, defendant Gaudioso attached a personal affidavit, as well as an affidavit from Lieutenant Gale Bailey-Lee–an administrative officer at the Wake County Detention Center. The motion was fully briefed. On October 9, 2019, plaintiff filed a pleading captioned "Dispositive Motion."

On January 17, 2020, the court entered an order directing defendant Guadioso to supplement the record by filing, under seal, the results for the July 14, 2017, STD testing she performed on plaintiff. Guadioso complied with the court's order, and filed plaintiff's STD testing results on January 23, 2020.

## STATEMENT OF FACTS

The facts relating to plaintiff's claims arising out of his arrest by RPD Officer defendant Pereira in connection with federal human trafficking charges are as follows. On December 12, 2016, the State of North Carolina issued an arrest warrant for plaintiff in connection with a charge for the offense of assault on a female. (Am. Compl. (DE 12), Attach. p. 8). The warrant provided as follows in pertinent part: "[T]he defendant named above unlawfully and willfully did assault and strike TAUSHIA STRAIT, a female person, by PUNCHING IN THE FACE, PULLING HAIR AND CHOKING." (Id.) The investigating officer requested that the case be reviewed for human trafficking connections. (Id. Attach. p. 10). On August 3, 2017, plaintiff pleaded guilty in the North Carolina State Court to the assault of the victim, Taushia Strait. (Id. Attach. p. 9).

On May 2, 2018, Wake County Magistrate Jordan J. Fly issued a warrant for plaintiff's arrest for the December 15, 2016, offense of human trafficking of a person identified as "T.S." (Id. Attach. p. 5). The warrant listed defendant Pereira as the complainant. (Id.) Plaintiff was arrested for the offense by North Carolina State authorities two days later, by officers other than Pereira. (Id. p. 4; Compl. (DE 1), Attach. p. 4; (DE 64) ¶ 4(f)). Plaintiff states his cellular telephone was taken without a warrant in the course of his arrest. On August 8, 2018, plaintiff was charged, in the United States District Court for the Eastern District of North Carolina, with several human trafficking offenses beginning in July 2016, and continuing until December 12, 2016. United States v. Jennings, No. 5:18-CR-00318-FL (E.D.N.C. Aug. 8, 2018). The next day, plaintiff was transferred from State to federal custody, pursuant to a writ of habeas corpus ad prosequendum, to appear in federal district court in connection with his federal human trafficking charges. See id. (Aug. 9, 2018). On August 30, 2018, the State of North Carolina dismissed plaintiff's human trafficking charges because he was indicted by the federal government for the same conduct. ((DE 73) Ex. 9). The North Carolina Superior Court next authorized the release of plaintiff's cellular telephone on April 9, 2019. See ((DE 73), Ex. 10). Then, on June 13, 2019, plaintiff was convicted in the United States District Court for the Eastern District of North Carolina on all thirteen of his federal human trafficking charges. Jennings, No. 5:18-CR-00318-FL (June 13, 2019).

The following facts relate to the STD testing provided plaintiff by defendant Guadioso– a Wake County Human Services human immunodeficiency virus ("HIV")/STD counseling and testing case manager. (Gaudioso Aff. ¶ 2). During the relevant time period, Guadioso provided testing to Wake County Detention Center inmates for the following STDs: gonorrhea, syphilis, chlamydia, and HIV. (Id. ¶ 4). Guadioso administered STD testing to plaintiff on July 14, 2017, and informed him

3

that she would contact him only if there were concerns. (Id. ¶¶ 12-14). Guadioso attests that it is her practice to provide inmates with STD testing results only if the results are positive. (Id. ¶ 12). Plaintiff's STD testing results were negative, and Guadioso had no further contact with plaintiff. (Id. ¶ 14); (DE 111)). The STD testing that Guadioso administered was free of charge. (Gaudioso Aff. ¶ 17). However, plaintiff was charged a fee of $10.00 for a May 22, 2018, medical appointment at the Wake County Detention Center medical staff. (Compl. (DE 1), Attach. p. 1).

## DISCUSSION

A. Standards of Review

Pending before the court are a motion for judgment on the pleadings pursuant to Rule 12(c) and a motion for summary judgment pursuant to Rule 56(a). Beginning with the standard for a motion for judgment on the pleadings, Rule 12(c) allows a party to move for judgment on the pleadings, "after the pleadings are closed–but early enough not to delay trial. . . ." Fed. R. Civ. P. 12(c). In reviewing a motion for judgment on the pleadings, the court applies "the same standard" as for motions made pursuant to Rule 12(b)(6). Burbach Broad Co. v. Elkins Radio Corp., 278 F.3d 401, 406 (4th Cir. 2002). Thus, when a party moves for judgment on the pleadings pursuant to Rule 12(c), the factual allegations of the complaint are taken as true, whereas those of the answer are taken as true only to the extent that they have not been denied or do not conflict with those in the complaint. Pledger v. North Carolina Dep't of Health and Human Services, 7 F. Supp. 2d 705, 707 (E.D.N.C. 1998). A federal district court considering a motion to dismiss for failure to state a claim must view the allegations of the claim in the light most favorable to the non-moving party. See Ibarra v. United States, 120 F.3d 472, 474 (4th Cir. 1997). To survive a motion to dismiss, the complaint must contain "sufficient factual matter, accepted as true, to 'state a claim to relief that is

4

plausible on its face.'" Ashcroft v. Iqbal, 556 U.S. 662, 678 (2009); Bell Atlantic Corp. v. Twombly, 550 U.S. 544, 570 (2007).

Summary judgment is appropriate when there exists no genuine issue of material fact, and the moving party is entitled to judgment as a matter of law. Fed. R. Civ. P. 56(a); Anderson v. Liberty Lobby, 477 U.S. 242, 247 (1986). The party seeking summary judgment bears the burden of initially coming forward and demonstrating an absence of a genuine issue of material fact. Celotex Corp. v. Catrett, 477 U.S. 317, 323 (1986). Once the moving party has met its burden, the nonmoving party then must affirmatively demonstrate that there exists a genuine issue of material fact requiring trial. Matsushita Elec. Industrial Co. Ltd. v. Zenith Radio Corp., 475 U.S. 574, 587 (1986). There is no issue for trial unless there is sufficient evidence favoring the non-moving party for a jury to return a verdict for that party. Anderson, 477 U.S. at 250.

B.    Analysis

    1.    Plaintiff's Claims against Defendant Pereira

Plaintiff asserts a false arrest claim arising out of defendant Pereira's involvement in procuring the arrest warrant for plaintiff in connection with North Carolina State human trafficking charges. Specifically, plaintiff asserts defendant Pereira violated the Double Jeopardy Clause when he pursued the arrest warrant for human trafficking charges while knowing that the State had dismissed such charges in exchange for plaintiff's guilty plea to assault on August 3, 2017. "[A]llegations that an arrest made pursuant to a warrant was not supported by probable cause, or claims seeking damages for the period after legal process issued—e.g., post-indictment or arraignment—are considered a [section] 1983 malicious prosecution claim." Humbert v. Mayor & City Council of Balt. City, 866 F.3d 546, 555 (4th Cir. 2017), cert. denied, 138 S. Ct. 2602 (2018)

5

(quotation and alteration omitted); see Brooks v. City of Winston-Salem, 85 F.3d 178, 182 (4th Cir. 1996). A malicious prosecution claim under section 1983 "is properly understood as a Fourth Amendment claim for unreasonable seizure which incorporates certain elements of the common law tort." Evans v. Chalmers, 703 F.3d 636, 647 (4th Cir. 2012). Accordingly, plaintiff must show that "the defendant (1) caused (2) a seizure of the plaintiff pursuant to legal process unsupported by probable cause, and (3) criminal proceedings terminated in the plaintiff's favor." Evans, 703 F.3d at 647.

Here, the record reflects that plaintiff's State human trafficking charges were dismissed because he was indicted by the federal government for the same conduct, and ultimately convicted on all federal human trafficking charges. See ((DE) 73, Ex. 10); Jennings, No. 5:18-CR-00318-FL (June 13, 2019). Plaintiff fails to show that the dismissal of his State human trafficking charges was "for reasons consistent with his innocence." Etcheber v. F.B.I., No. 2:13-0752-JFA-BM, 2014 WL 1319145, at *6 & n.6 (D.S.C. Mar. 28, 2014), aff'd, 583 F. App'x 271 (4th Cir. 2014) (per curiam). Thus, the criminal proceedings did not terminate in plaintiff's favor. See Denmark v. Starcher, No. 1:14CV58, 2016 WL 1122085, at *8 (N.D. W. Va. Mar. 22, 2016), aff'd, 683 F. App'x 195 (4th Cir. 2017) (per curiam); Williams v. Christenson, No. 5:14-CT-3089-F, 2014 WL 11497953, at *1 n.1 (E.D.N.C. Nov. 7, 2014), aff'd, 593 F. App'x 231 (4th Cir. 2015) (per curiam). Based upon the foregoing, plaintiff's claims challenging his State arrest on human trafficking charges have not yet accrued, and are dismissed without prejudice.[1] See Heck v. Humphrey, 512 U.S. 477, 484–85 (1994); see Wilkinson v. Dotson, 544 U.S. 74, 81-82 (2005) (noting that Heck applies regardless of

---

[1] To the extent plaintiff challenges his federal convictions for human trafficking, the claim also is dismissed without prejudice pursuant to Heck. See Thigpen v. McDonnell, 273 F. App'x 271, 272 (4th Cir. 2008) (dismissing double jeopardy claim pursuant to Heck).

6

the type of relief sought); see, e.g., Omar v. Chasanow, 318 F. App'x 188, 189 (4th Cir. 2009) (per curiam). Thus, defendant Pereira's motion for judgment on the pleading is granted, and plaintiff's motion for summary judgment is denied.

To the extent plaintiff asserts that his cellular telephone was seized without a warrant by State authorities on the date of his arrest, he alleges no facts to connect this claim to defendant Pereira who was not present when RPD officers arrested plaintiff.[2] See (Compl. (DE 1), Attach. p. 4; (DE 64) ¶ 4(f)); see also, Matsushita Elec. Industrial Co. Ltd., 475 U.S. at 587; Ashcroft, 556 U.S. at 678–79; White v. White, 886 F.2d 721, 723 (4th Cir. 1989) (stating minimum level of factual support required); see also, Butler v. Atchinson Police Dept., No. 19-3167, 2019 WL 4640582, at *2 (D. Kan. Sept. 24, 2019). Thus, defendant Pereira's motion for judgment on the pleadings is GRANTED as to this claim.

To the extent plaintiff seeks the return of his cellular telephone, the record reflects that the State has authorized the release of plaintiff's cellular telephone. See ((DE 73), Ex. 10). Additionally, "[t]his Court cannot direct a person who is not a federal government agent to turn over any property" pursuant to Federal Rule of Criminal Procedure 41(g). See Almon v. United States, 302 F. Supp.2d 575, 592 (D.S.C.2004) (citing United States v. Oguaju, 76 F. App'x 579, 581 (6th Cir.2003)); United States v. Solis, 108 F.3d 722, 722 (7th Cir.1997)). Rather, plaintiff must seek the return of his property from State officials in State court. See id.; Smith v. County of Pickens, No. 8:10-cv-02265-JMC-JDA, 2011 WL 3794153, at *6 (D.S.C. July 29, 2011), aff'd, 470 F. App'x 126 (4th Cir. 2011). Based upon the foregoing, defendant Pereira's motion for judgment on the pleadings

---

[2] Notably, plaintiff does not assert that defendant Pereira searched the contents, or data, of his cellular telephone without a warrant.

7

is granted, and this claim is dismissed without prejudice so that plaintiff may pursue the return of his property in State court. Plaintiff's motion for summary judgment is denied.

2. Defendant Guadioso

Plaintiff asserts that defendant Guadioso acted with deliberate indifference to his serious medical needs because she provided him STD testing, but did not provide him with the results. Courts evaluate confinement conditions of pretrial detainees under the due process clause of the Fourteenth Amendment, rather than under the Eighth Amendment. See, e.g., Bell v. Wolfish, 441 U.S. 520, 535 (1979). As a practical matter, the analysis under the due process clause and the analysis under the Eighth Amendment is materially indistinguishable. See, e.g., Brown v. Harris, 240 F.3d 383, 388 (4th Cir. 2001). Deliberate indifference to a prisoner's serious medical needs violates the prisoner's Fourteenth and Eighth Amendment rights. Estelle v. Gamble, 429 U.S. 97, 104 (1976); Scinto v. Stansberry, 841 F.3d 219, 225 (4th Cir. 2016). To prove such a claim, a plaintiff "must demonstrate that the officers acted with 'deliberate indifference' (subjective) to [his] 'serious medical needs' (objective)." Iko v. Shreve, 535 F.3d 225, 241 (4th Cir. 2008) (quoting Estelle, 429 U.S. at 104). When a prisoner alleges that a prison official denied him medical care or did not provide such care in a timely manner, the prisoner must prove that the prison official knew of and disregarded an objectively serious condition, known medical need, or substantial risk of serious harm. See, e.g., Scinto, 841 F.3d at 225; Sosebee v. Murphy, 797 F.2d 179, 182 (4th Cir. 1986).

Here, plaintiff's interaction with defendant Guadioso was limited to Guadioso's administration of STD testing to plaintiff on July 14, 2017. (Guadioso Aff. ¶ 14). On that date, Guadioso informed plaintiff that she would contact him only if his test results were positive. (Id. ¶¶ 11, 12). Because plaintiff's STD test results were negative, there was no basis for defendant

8

Guadioso to believe that plaintiff required further medical treatment. See (DE 111). Finally, plaintiff has presented no evidence to suggest that defendant Guadioso knew of and disregarded any serious medical need of plaintiff's. See Matsushita Elec. Industrial Co. Ltd., 475 U.S. at 587. Thus, there is no constitutional violation, and Guadioso is entitled to qualified immunity for this claim. Based upon the foregoing, plaintiff's motion for summary judgment is denied.

To the extent plaintiff asserts a claim arising out of a $10.00 co-payment assessed for medical services, Guadioso is entitled to summary judgment for this claim. While Guadioso disputes that plaintiff was charged a co-payment for the medical services she provided, prisons generally may charge prisoners co-payments for medical services. See Rinehart v. Beck, No. 5:09-CT-3019-D, 2011 WL 52360, at *4 (E.D.N.C. Jan. 5, 2011), aff'd, 441 F. App'x 148 (4th Cir. 2011) (per curiam); Gonzalez-Reyna v. Ellis, No. 1:09CV522 (AJT/TCB), 2009 WL 2421482, at *3 (E.D. Va. July 27, 2009) ("Inmates are not entitled to free medical care, and an inmate's displeasure at having to pay such co-payment does not present a constitutional claim."); Johnson v. Dep't of Pub. Safety & Corr. Servs., 885 F. Supp. 817, 820 (D. Md. 1995). An inmate's displeasure at having to pay a medical co-pay does not constitute a constitutional claim. See id. Therefore, there is no constitutional violation and Guadioso is entitled to qualified immunity for this claim. Consequently, plaintiff's motion for summary judgment is denied.

## CONCLUSION

Based upon the foregoing, defendant Pereira's motion for judgment on the pleadings (DE 74) is GRANTED, and plaintiff's claims challenging his arrest and seeking the return of his cellular telephone are DISMISSED without prejudice. Defendant Gaudioso's motion for summary judgment

9

(DE 78) is GRANTED. Plaintiff's cross-motion for summary judgment (DE 101) is DENIED. The Clerk of Court is DIRECTED to close this case.

SO ORDERED, this the 3 day of February, 2020.

TERRENCE W. BOYLE
Chief United States District Judge